IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-2085-BNB

MEL BOMPREZZI,

    Plaintiff,

v.

GRAHAM HOFFMAN, Dr.,
ALEXANDER, Judge,
JULIE MEEKER, Dr.,
LISA TOEPP, Dr.,
JOAN KAPRIVNIKAR, Dr.,
POUNDS, Dr., and
DECUARDO, Dr.,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Mel Bomprezzi, is in the custody of the Colorado Department of Corrections and is incarcerated at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated this action on August 1, 2013 by filing a "Sect. 1983 Lawsuit."

    On August 6, 2013, Magistrate Judge Boyd N. Boland reviewed the submitted document and determined that it was deficient. Magistrate Judge Boland directed Mr. Bomprezzi to file a complaint of the court-approved Prisoner Complaint form within thirty days of the August 6 Order. Magistrate Judge Boland also ordered Plaintiff to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court approved form within thirty days. Mr. Bomprezzi filed a Prisoner Complaint

and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 14, 2013. He filed a certified copy of his prisoner trust fund account statement on August 29, 2013.

Mr. Bomprezzi has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Prisoner Complaint liberally because Mr. Bomprezzi is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Prisoner Complaint, in part.

Mr. Bomprezzi alleges in the Complaint that on June 10, 2013, Defendant Dr. Hoffman obtained an order from Judge Alexander of the Pueblo County District Court to involuntarily medicate Plaintiff for six months. Mr. Bomprezzi further alleges that Drs. Pounds, DeCuardo, Kaprivnikar, Meeker and Toepp have also involuntarily medicated him in the past. Plaintiff asserts in claims one and three that the Defendants injection of involuntary medication is a "form of slavery" and constitutes cruel and unusual

punishment. [Doc. # 4, at 5, 7]. Mr. Bomprezzi further seeks a ruling from this Court, in claim two, that "involuntary medications ordered before and during a trial can be interpreted as a form of involuntary intoxication, which is an affirmative legal defense to a criminal trial." [*Id.* at 6]. Mr. Bomprezzi asks the Court to enjoin the Defendants from administering involuntary medications pending the outcome of his jury trial.

The Court liberally construes the Prisoner Complaint as asserting a § 1983 claim against the Defendants for deprivation of his Fourteenth Amendment due process rights based on the administration of involuntary psychotropic medications. However, Mr. Bomprezzi cannot maintain a claim against Defendant Judge Alexander under § 1983. Judge Alexander is entitled to absolute immunity from liability under § 1983 for actions taken in his judicial capacity, unless he acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. 356–57. Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983. *See Ysais v. New Mexico*, No. 09-2109, 373 F. App'x 863, 866 (10th Cir. April 16, 2010) (unpublished). Plaintiff's allegation that Judge Alexander issued an order allowing him to be involuntarily medicated concerns an action taken in the Judge's judicial capacity within the jurisdiction of the state court. Accordingly, Defendant Alexander is entitled to absolute immunity and Plaintiff's claims against him, therefore,

are legally frivolous. Defendant Judge Alexander is an improper party to this action and will be dismissed.

Furthermore, Mr. Bomprezzi cannot assert a § 1983 claim against Defendant Dr. Kaprivnikar in this action because he is asserting an identical claim against that Defendant in Case No. 11-cv-03344-REB-MEH. In that case, Plaintiff alleges that Dr. Kaprivnikar injected him with involuntary medications from November 7, 2011 and continuing to at least February 7, 2012. [*See* Case No. 11-cv-03344, at Doc. # 11].

"[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted). A duplicative suit may be dismissed for reasons of "wise judicial administration." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, Case No. 00-1130, 2001 WL 661086 at *1 and n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action"). The Court finds that the claims asserted against Dr. Kaprivnikar in this action are duplicative to the claims asserted against that Defendant in Case No. 11-cv-03344-REB-MEH. Accordingly, Dr. Kaprivnikar is an improper party to this action and will be dismissed. The claims

against the other physician Defendants will be allowed to proceed because Mr. Bomprezzi's motion to amend to add some of the same Defendants to Case No. 11-cv-03344-REB-MEH was denied. [*See* Case No. 11-cv-03344-REB-MEH, Doc. ## 54, 68, 73, at 3].

Finally, Mr. Bomprezzi's second claim, which seeks an order from this Court that any involuntary medication administered to Mr. Bomprezzi before his criminal trial satisfies the state law affirmative defense of involuntary intoxication, fails to assert an arguable claim for relief under § 1983. Claim two thus will be dismissed as legally frivolous.

The Court will not address at this time the merits of Plaintiff's Fourteenth Amendment claims against Defendants Dr. Graham Hoffman, Dr. Julie Meeker, Dr. Lisa Toepp, Dr. Pounds and Dr. DeCuardo. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A because the Court has completed its review pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, it is

ORDERED that Defendant Judge Alexander is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) based on the doctrine of absolute judicial immunity. It is

FURTHER ORDERED that Defendant Kaprivnikar is dismissed because the claims asserted against her in this action are duplicative of the claims asserted against that Defendant in Case No. 11-cv-03344-REB-MEH. It is

FURTHER ORDERED that claim two of the Prisoner Complaint is DISMISSED as legally frivolous. It is

FURTHER ORDERED that claims one and three of the Prisoner Complaint asserted against Defendants Dr. Graham Hoffman, Dr. Julie Meeker, Dr. Lisa Toepp, Dr. Pounds and Dr. DeCuardo shall be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A.

DATED at Denver, Colorado, this  6th  day of    September   , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court