IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-2085-CMA-BNB

MEL BOMPREZZI,

Plaintiff,

v.

GRAHAM HOFFMAN, Dr.,
JULIE MEEKER, Dr.,
LISA TOEPP, Dr.,
POUNDS, Dr., and
DeCUARDO, Dr.,

Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER
_____

This matter arises on the defendants' **Motion to Dismiss** [Doc. #17, file 11/08/2013] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the San Carlos Correctional Facility. He filed his Prisoner Complaint on August 14, 2013 [Doc. #4] (the "Complaint"). At that time, he was housed at the Colorado Mental Health Institute in Pueblo, Colorado ("CMHIP"). The Complaint asserts three claims for relief. Claim Two and defendants Judge Alexander and Dr. Kaprivnikar have been dismissed. The remaining claims have been construed to allege violations of the plaintiff's Fourteenth Amendment due process rights [Doc. #9]. The Complaint contains the following pertinent allegations:

1.  On June 10, 2013, defendant Dr. Hoffman "of the Colorado Mental Health Institute at Pueblo" obtained a court order to involuntarily medicate the plaintiff for six months. Defendants Drs. Pounds, DeQuardo[1], Meeker, and Toepp have also involuntarily medicated the plaintiff "in the past." *Complaint*, p. 4.[2]

2.  "Being forced to take drugs against my will makes me very angry. It also makes me depressed. It places me in an adversarial relationship with state doctors. It makes me frustrated with America. I absolutely do not want to take antipsychotic medications against my will." Id.

---

[1]The correct spelling of the defendant's name is DeQuardo. *Motion*, p. 1, n.1.

[2]I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  Exhaustion

The defendants argue that the plaintiff's claims must be dismissed because he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a).  *Motion*, p. 3.  The PLRA provides:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

Id.

The defendants assert that the DOC has a three-step administrative grievance process which is set forth in Administrative Regulation 850-04; that the plaintiff states in his Complaint that he did not exhaust his available administrative remedies; and that the Complaint should be dismissed.

The court's form complaint asks the plaintiff if there is a formal grievance procedure at the institution in which he is confined.  The plaintiff checked the "yes" box.  The form also asks if he exhausted his administrative remedies.  The plaintiff checked the "no" box, stating that

3

"[t]his is no longer a qualification." *Complaint*, p. 8. Construing the Complaint liberally, as I must, the plaintiff has alleged that he is not required to exhaust his administrative remedies.

Administrative Regulation 850-04 states that "[t]he grievance procedure is available only to offenders sentenced to the Colorado Department of Corrections. This includes DOC offenders housed in private facilities and offenders who have been released to parole, community, or ISP supervision."[3] Administrative Regulation 850-04 does not address exhaustion at CMHIP, which is under the direction of the Colorado Department of Human Services, not the DOC. Therefore, it is not clear from the allegations of the Complaint whether the plaintiff, a patient at CMHIP, was required to exhaust administrative remedies available through the DOC. The Motion should be denied insofar as it seeks dismissal of the plaintiff's claims for failure to exhaust administrative remedies.

### B. Due Process Claims

On September 6, 2013, the court construed the Complaint "as asserting a § 1983 claim against the Defendants for deprivation of his Fourteenth Amendment due process rights based on the administration of involuntary psychotropic medications." *Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [Doc. #9], p. 3. The defendants have asserted arguments pursuant to the Thirteenth and Eighth Amendments, not the Due Process Clause. *Motion*, pp. 4-8. The Motion should be denied insofar as it seeks dismissal of the claims on their merits.

---

[3] I may take judicial notice of administrative regulations. Fed.R.Evid. 201.

## IV.  CONCLUSION

I respectfully RECOMMEND that the defendants' Motion to Dismiss [Doc. #17] be DENIED.[4]

Further, it is ORDERED that the Clerk of the Court shall change the docketing system to reflect that the name of the defendant is Dr. DeQuardo.

Dated May 6, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).